WENTWORTH, Judge.
Appellant seeks review of an order by which his motion for post-conviction relief *448 pursuant to Fla.R.Crim.P. 3.850 was denied. We affirm the order, finding the motion legally insufficient.
Following a jury trial, appellant was convicted on June 25, 1980, of three counts of armed robbery in violation of sections 812.-13 and 775.087, Florida Statutes, one count of attempted murder in violation of sections 782.04 and 777.04, Florida Statutes, one count of kidnapping in violation of sections 787.01 and 775.087, Florida Statutes, and one count of possession of a firearm by a convicted felon in violation of section 790.23, Florida Statutes. The court sentenced appellant to 390 years incarceration.
Appellant on October 2, 1985, filed a motion for postconviction relief, alleging ineffective assistance of counsel on eight grounds, including counsel’s failure to subpoena witnesses, alleged concealment of the testimony of alibi witnesses, failure to object to testimony regarding appellant’s status as a convicted felon, failure to raise a defense in appellant’s motion for writ of habeas corpus, failure to object to hypnotically induced testimony, failure to object to the testimony of a fingerprint expert, failure to object to a court order permitting the sheriff to take appellant’s fingerprints by force, and failure to appeal a judgment and sentence for criminal contempt. Appellant on the same day filed a separate memorandum of law in support of his motion, in which he also argued additional matters. The trial court on June 24, 1986, denied the motion, stating that appellant entered into a negotiated plea and sentence in connection with these cases, and that the motion appeared to be legally insufficient to justify relief. Appellant on September 22,1986, filed a motion for rehearing, alleging that the trial court had misapprehended his case because he never entered into a negotiated plea and sentence in connection with these cases. The trial court denied appellant’s motion for rehearing.
We find that appellant’s motion is facially insufficient to require relief, lacking necessary specificity and showing of prejudice. Although appellant’s separate memorandum of law asserts additional facts which might have served as the basis for a facially valid claim, the trial court’s order on the motion is not reversible on that ground. The order incorrectly states that appellant entered into a negotiated plea and sentence in connection with these cases. We affirm the disposition of the motion, however, because it stated no ground for relief.
Appellant also seeks review of the lower court’s order denying his motion for rehearing. That order is not reviewable under Fla.R.App.P. 9.030 or 9.130.
The order is therefore affirmed.
SMITH and SHIVERS, JJ., concur.